No. 398

SMITH v. GURLIDIS, et

Ohio Appeals, 9th Dist., Summit Co.

No. 1076.   Decided Feb. 2, 1926

679.   JUDICIAL SALES—1.   Court does not have the unlicensed and unrestrained power to arbitrarily set aside its order or judgment during term of court in respect to a confirmation of the judicial sale of property, without showing fraud, collusion, mistake or such other cause as would warrant relief in equity had the sale been by the parties interested instead of by the court.

2.   Would be abuse of discretion to set aside order of confirmation without good cause to injury of bona fide purchaser.

WASHBURN, J.

The original suit was brought to marshall liens upon and sell certain real estate belonging to Despina Gurlidis.   The sale was made by the sheriff in all respects according to law and Philip Smith bid about ⅔ of the appraised value and the sheriff duly reported to the court a sale made to Smith.

Before confirmation of the sale and execution of the deed to him, Smith sold the premises to one Loveland for the appraised value of the property, a sum in excess of his bid for same; and thereafter the court confirmed the sale and the property was deeded to Loveland.

During the term in which the sale was made, Gurlidis filed a motion asking the court to vacate its order confirming the sale and delivery of the deed to Loveland.

No reasons for this request were stated and the Summit Common Pleas in granting the motion stated no reasons or grounds therefor. The bill of exceptions set forth that the mover attempted to prove that the record showing summons upon Gurlidis, was in fact untrue. Error was prosecuted and the Court of Appeals held:

1.   The lower court in setting aside the order of confirmation did so because Smith was able to resell the property on time for a very considerable increase in price, or because the court felt that its control over its orders and judgments during the term was such as gave to it power to arbitrarily set aside such sale.

2.   Courts have inherent power to set aside their judgments or orders during the term rendered; but that does not mean they have an unlicensed power to set aside judgments arbitrarily and without restraint.

3.   One view recognizes that the power of the court over its judgments during term must be exercised within the limits of its sound dis-

## STATE COURT OF APPEALS—Continued

cretion, and considers orders confirming sales as being governed by the same rule as governs the court as to other judgments even though the rights of an innocent purchaser are involved.

4. Another view is that while before confirmation power is in the court to approve the sale, after the sale is confirmed, this completing the contract, it can be set aside, even during term, only for a good cause. That is, some special ground must be shown, such as fraud, collusion, mistake, or such other cause as would warrant relief in equity had the sale been by the parties interested instead of by the court.

5. Sections 11633 and 11702 GC. provide for the protection of bona fide purchasers at judicial sales under certain circumstances; and on the faith of a judicial sale regularly made and confirmed, it would be an abuse of discretion for the court, even during term, to set aside the confirmation where there is shown no fraud, collusion, etc.

6. Judgment granting the motion of Gurlidis, being contrary to law, is reversed.

Judgment reversed.

Attorneys—Herberich, Burrough & Bailey for Smith; Rockwell & Grant for Gurlidis; all of Akron.